E. D. HAROLD ET AL. V. D. W. SUMNER.

No. 6406.

1. **Parol Sale of Land.** — An executed parol sale of land, the purchase money having been paid and possession taken by the vendee, followed by his making valuable improvements thereon, constitutes a good title in the vendee to the land.

2. **Possession as Notice.** — Actual possession of town lots under a purchase by parol is notice to a subsequent purchaser of said town lots.

3. **Quitclaim Deed.** — A sale of the vendor's interest in the south half of section 18 did not pass title to such lots as the vendor had by parol previously sold to others. There was no interest in the vendor to pass by such deed.

APPEAL from Wilbarger. Tried below before Hon. P. M. Stine.

The opinion states the case.

*H. C. Thompson* and *Frank P. McGhee*, for appellants.—1. Description of premises conveyed in the deed as the right, title, and interest of grantor in and to a larger tract of land is a quitclaim in the legal and true sense of the term, and lets in, or rather the grantee in such deed must allow of, all equites between his grantor and third parties; and if any sale has been made or equity exists between the grantor in such deed and a third person, the grantee takes the premises charged with such equity and can claim nothing against such third party as innocent purchaser without notice of such equity. Rogers v. Burchard, 34 Texas, 442; Harrison v. Boring, 44 Texas, 255; Van Renselear v. Kearny, 11 How., 322; Taylor v. Harrison, 47 Texas, 460; Richardson v. Levi, 67 Texas, 359.

2. Valuable improvements and open and notorious adverse possession, as the establishing of a home on a tract of land, is notice to the world of the claim of such holder, as effectual to put buyer of same on inquiry as to title as deed duly recorded to such occupant could do. Woodson v. Collins, 56 Texas, 168.

3. Payment of purchase money and continual actual possession and improvements of lasting and valuable kind take a case of parol sale out

of the operation of the statute of frauds.    Johnson v. Bowden, 37 Texas, 621; Robinson v. Davenport, 40 Texas, 333; Garner v. Stubblefield, 5 Texas, 552; Dugan's Heirs v. Colville's Heirs, 8 Texas, 126; Neatherly v. Ripley, 21 Texas, 434; Taylor v. Rowland, 26 Texas, 293.

No brief for appellee.

ACKER, PRESIDING JUDGE.—In the spring of 1882 H. Chowning took possession of lots 1 and 2, in block 30, in the town of Vernon, under a parol agreement with his brother, T. Chowning, who then owned the lots. H. Chowning built a residence on the lots at a cost of between $500 and $1000, and moved into it with his family as soon as it was finished, in August, 1882, or by the 1st of September of that year.    Lots 1 and 2, in block 30, are situated on the south half of section 18, on which a portion of the town of Vernon is located.    At the time H. Chowning built his residence on the lots they were worth from $5 to $15 each.    On the 27th day of September, 1882, T. Chowning executed and delivered his bond for title to J. R. Sumner for T. Chowning's "entire interest" in the south half of section 18, except lot 9, in block 13.    At the time this bond was executed H. Chowning was living in his house on the lots.    On August 5, 1884, T. Chowning executed to J. R. Sumner a warranty deed in accordance with his bond for title.    Appellants claim under H. Chowning and appellee claims under J. R. Sumner.

This suit was brought on the 15th day of November, 1886, by D. W. Sumner, claiming by mesne conveyances from J. R. Sumner, against E. D. Harold, who was in possession as tenant of P. B. Hodge, claiming by mesne conveyances from H. Chowning.

The defendants specially pleaded the parol contract of H. Chowning with T. Chowning, and his possession and improvement thereunder.    The trial without a jury resulted in judgment for plaintiff for the lots, from which this appeal is prosecuted.

The only question we think it necessary to consider is whether the defendants established the parol contract for the purchase of the lots by H. Chowning from T. Chowning; for if they did, judgment should have gone in their favor, and the court erred in rendering judgment for plaintiff.

Both of the Chownings testified to the parol contract entered into between them under which H. Chowning took possession and built his residence on the lots in the summer of 1882.    H. Chowning testified that he paid his brother, T. Chowning, $30 each for the lots in a settlement with him sometime after he took possession of the lots and erected his improvements thereon.    J. R. Sumner assisted H. Chowning in building his house on the lots, and H. Chowning was living in the house with his family at the time J. R. Sumner received the bond for title from T. Chowning for T. Chowning's "entire interest" in the south half of section 18.    T.

Chowning testified that at the time he sold his interest in the south half of section 18 to J. R. Sumner he expressly excepted all lots he had previously sold, and mentioned H. Chowning as one of the parties to whom he had sold lots.    J. R. Sumner testified that at the time he purchased from T. Chowning, T. Chowning told him he had let H. Chowning build on the lots in controversy, and that H. Chowning would give him two other lots for those he lived on.    H. Chowning was not present at the time.    J. R. Sumner also testified that he had dealings and settlements with both Chownings after the improvements were placed on the lots in controversy, but nothing was said about payment for the lots.    A few days after this suit was brought T. Chowning executed a deed to H. Chowning for the lots.

Under this state of facts we think it quite clear that H. Chowning acquired a good title to the lots from T. Chowning.    Wells v. Davis, 77 Texas, 638.

J. R. Sumner had full notice at the time he purchased from T. Chowning of H. Chowning's claim and rights.    If Sumner had not assisted H. Chowning in building his house on the lots, and if nothing had been said to him at the time he purchased the south half of section 18 about H. Chowning's rights in the lots, H. Chowning's possession at that time was equivalent to actual notice of his rights in the premises.

By his purchase from T. Chowning Sumner acquired only Chowning's "interest" in the south half of section 18, and at that time T. Chowning had no interest in the lots in controversy because of his parol contract of sale previously entered into with H. Chowning.    So Sumner did not acquire the lots in controversy by his purchase of T. Chowning's interest in the half section.    Indeed, according to his own testimony, Sumner understood at the time he purchased T. Chowning's interest in the half section of land on which the lots are situated that the lots in controversy were not included in his purchase, for he testified that T. Chowning told him at the time of his purchase that H. Chowning would give him other lots for these lots.

In any aspect of the case, as presented by this record, it is clear to us that the court erred in rendering judgment for the plaintiff.

We are therefore of opinion that the judgment of the court below should be reversed, and that judgment should be here rendered in favor of appellant P. B. Hodge for the lots, and that appellee D. W. Sumner pay all costs.

*Reversed and rendered.*

Adopted November 11, 1890.