MRS. M. F. MITCHELL v. GULF, COLORADO & SANTE FE RAILWAY COMPANY.

Decided April 1, June 1, 1910.

ON MOTION TO STRIKE OUT STATEMENT.

**1.—Statement of Facts—Time of Filing—Statute.**

The Act of May 1, 1909, Laws 31st Leg., p. 374, with reference to preparation of statement of facts, being a remedial law, will not be restricted in its application to cases tried after it went into effect. In a case tried after the statute was passed, but before it was in force, a statement filed after it went into effect, and in due time under its terms, but too late under the statute in force when the case was tried, should not be struck out because not filed in time.

**2.—Statement of Facts—Question and Answer.**

The Act of May 1, 1909, does not expressly require, but apparently intends, that the statement of facts should be in narrative form. The insertion of questions and answers may be sometimes necessary in the preservation of exceptions in this form, rather than by bill. Statement considered and held not so far violative of the rule against inserting questions and answers in the statement of facts as to justify the striking out of such statement.

ON MERITS OF APPEAL.

**3.—Written Instrument—Parol Evidence.**

Parol evidence is always admissible to explain and control the effect of written instruments introduced as admissions of a party and not as contracts passing or extinguishing a right in litigation.

**4.—Same—Case Stated.**

In trespass to try title, a lease to plaintiff of land, including that in controversy, from those whose title was afterwards acquired by defendants, could be explained by parol evidence of plaintiff showing that the part in controversy was not claimed by her under the lease, but by a different right, and that she did not know that it was included in the leased premises.

Vol. LXI Civil—26.

**5.—Same—Pleading.**

It was not necessary for plaintiff to plead fraud or mistake in a lease, introduced to show that she claimed as tenant under the holders of a title which defendants had acquired, in order to entitle her to introduce parol evidence showing that she did not know that such land was included in the lease nor intend to claim same under it.

**6.—Parol Sale of Land.**

Evidence of a sale of land by parol, with payment and possession, held to present questions of fact as to the validity of the title acquired thereunder.

Appeal from the District Court of Tom Green County. Tried below before Hon. J. W. Timmins.

*Wright & Wynn, T. O. Woldert,* and *C. T. Dalton,* for appellant.— Parol evidence is always admissible to explain documents introduced as admissions of a party when such documents do not vest, pass or extinguish any right in litigation, but are used merely as evidence of a fact and not as evidence of a contract or right. Pierce v. Johnson, 50 S. W., 610; Anderson v. Walker, 49 S. W., 937-47; Duncan v. Matney, 77 Am. Dec., 575 (Mo.); Am. & Eng. Ency. Law, vol. 21, 1087 (b).

Estoppel only arises in suits founded upon the instrument which contains the recital, or growing out of the transaction in which it was given, and not in other or collateral controversies between the same parties. Williams v. Chandler, 25 Texas, 4; Hart v. Meredith, 65 S. W., 507.

*Terry, Cavin & Mills, Chas. K. Lee,* and *Joseph Spence, Jr.,* for appellee, Gulf, C. & S. F. Ry. Co.—There was no pleading of fraud, accident or mistake by which plaintiff was misled to induce her to execute the lease, and the court did not err in excluding the evidence of plaintiff, offered to avoid the effect of said lease contract. Greenhill v. Hunton, 69 S. W., 441; 1 Elliott on Evidence, sec. 614; Naumberg v. Young (N. J.) 43 Am. Rep., 381; Peticolas v. Thomas, 29 S. W., 166, 167; T. & P. Coal Co. v. Lawson, 31 S. W., 846; Byars v. Byars, 32 S. W., 926; Johnson v. Witte, 32 S. W., 426; DeVitt v. Kaufman County, 66 S. W., 225; Railway Co. v. Wilson, 23 S. W., 282; Bruner Bros. v. Strong, 61 Texas, 557.

Said written contract of lease was an acknowledgment of the title under which this defendant claimed the land in controversy, and said written contract of lease was executed by plaintiff with a full knowledge of the facts contained therein with respect to the title in defendant's vendors and plaintiff was thereby estopped by the terms of said lease contract and her acknowledgment of tenancy under her lessor, Stoddard, under whom defendant claims. O'Conner v. Dykes, 29 S. W., 921, and cases therein cited; Word v. Drouthett, 44 Texas, 367; Eldridge v. Parish, 6 Texas Civ. App., 37; Chance v. Branch, 58 Texas, 492; McKie v. Anderson, 78 Texas, 209; Tyler v. Davis, 61 Texas, 675; Juneman v. Franklin, 67 Texas, 415; Hintze v. Krabbenschmidt, 44 S. W., 39; League v. Snyder, 5 Texas Civ. App., 13.

*Hill & Lee,* for appellees, Johnson and Pulliam.

OPINION ON MOTION.

KEY, CHIEF JUSTICE.—Having overruled appellees' motion to strike out the statement of facts, and as that ruling involves a construction of that portion of the Act of the 31st Legislature regulating the appointment of official stenographers, and the method of making up and filing statements of facts, which relates to the latter subject, it is deemed proper to reduce our conclusions to writing.

Two grounds were assigned in the motion for striking out the statement of facts. These were: first, because it was not filed within the time permitted by law; and, second, because it did not state the facts proven in narrative form, but was composed largely of the stenographer's notes giving questions and answers and remarks of counsel and the court on the admissibility of evidence.

I. As to the first question, the record shows that the District Court adjourned on the 29th day of June, 1909, after having made an order allowing 30 days after adjournment for filing the statement of facts. The statement of facts was filed July 27th, 1909. The Act of 1907, which was in force when the case was tried, when the motion for new trial was overruled and when the order allowing 30 days in which to file a statement of facts was made, limited the time for which an order might be made allowing statement of facts to be filed after the court adjourned, to twenty days; and appellee's contention is that as the statement of facts in this case was not filed within twenty days, it was filed too late, and therefore should be stricken out. The Act of 1909 (Laws 31st Leg., p. 376) provides, in express terms, that the parties to the suit shall be entitled to, and by that Act are granted, 30 days after adjournment of the court in which to prepare and file a statement of facts and bills of exception. That statute was approved by the Governor on May 1st, 1909, but did not take effect until 90 days after the Legislature adjourned, which was on April 11th, 1909. In other words, that law took effect on the 10th day of July, 1909; and at that time the 20 days which appellant was entitled to under order of the court for filing the statement of facts had not expired. The order referred to, while it undertook to grant thirty days, which at that time the court had no power to grant, had the effect of allowing twenty days within which to file the statement of facts. Then, before that time had expired, the Act of 1909 took effect, which by its terms allowed 30 days after adjournment, unless it should be held to apply only to cases tried after that law took effect. Being a remedial statute, we see no reason why it should be given such restricted construction, and we therefore hold that it applies to this case, and had the effect of granting 30 days after the adjournment of the court, for the purpose of filing the statement of facts and bills of exception.

II. The other ground of the motion requires a construction of section 6 of the Act of 1909. That section reads as follows:

"Section 6. Upon the filing in the office of the clerk of the court by the official shorthand reporter of his transcript as provided in section 5 of this Act, the party appealing shall prepare or cause to be prepared a statement of facts in duplicate, which shall consist of the

evidence adduced upon the trial, both oral and by deposition, stated in a succinct manner and without unnecessary repetition, together with copies of such documents, sketches, maps and other matters as were used in evidence. It shall not be necessary to copy said statement of facts in the transcript of the clerk on appeal, but the same shall, when agreed to by the parties and approved by the judge, or in the event of a failure of the parties to agree and a statement of facts is prepared and certified by the judge trying the case, be filed in duplicate with the clerk of the court, and the original thereof shall be sent up as a part of the record in the cause on appeal. Provided, however, that the official shorthand reporter shall, when requested by the party appealing, prepare under the direction of the party appealing, a statement of facts in narrative form in duplicate, and deliver same to the party appealing, for which said statement of facts he shall be paid the sum of ten cents per folio of 100 words for the original copy and no charge shall be made for the duplicate copy; provided such amount shall not be taxed as costs in the case, if a transcript of the testimony in the form of questions and answers has · been theretofore filed with the clerk and taxed as costs."

The Act of 1907 expressly required the evidence of witnesses to be stated in narrative form; and this court has held that flagrant departures from that requirement would constitute sufficient ground for striking out a statement of facts. It will be observed that the statute now under consideration does not expressly require that, in the preparation of a statement of facts, the evidence shal be stated in narrative form. The express requirement is that it shall be stated "in a succinct manner and without unnecessary repetition." It is true that the proviso in section 6 requires the official stenographer, when requested by the party appealing, to prepare a statement of facts in narrative form, which strongly indicates that the Legislature supposed that it would require the narrative form to state the evidence in a succinct manner; and, as a general rule, that is correct. Of course, there may be instances in which it would be necessary to have the evidence stated in the form of questions and answers, in order to properly present a particular question in the appellate court; and in such exceptional instances the statute should be so construed as to permit that course to be pursued. In other words, the statute was intended to eliminate useless verbosity, to cut out superfluities and to present, with reasonable terseness, such evidence as would be material on appeal. As before said, a question might arise which could not be properly presented on appeal without giving the questions and · answers; and, while to do so might not be as succinct as evidence could possibly be stated, yet it would be as succinct as would be reasonable in the particular instance. Furthermore, this and all such rules, have a spirit as well as a letter, and they should be given a reasonable construction and application and severe penalties should not be imposed for slight departures from such rules. In the case at bar the statement of facts comprises 40 pages, and it contains about 30 questions propounded to witnesses. Few, if any, of them are necessary to elucidate any question involved in the appeal, but they are not long and do not consume very much space. It is also probable that the

stenographer's notes were used in incorporating in the statement of facts bills of exception to testimony; and in doing so, more space was used than was necessary, however, not more, perhaps, than would have been used if separate bills of exception had been prepared and filed. Such being the conditions, this court does not feel certain that there was such flagrant or material departure from the statute as would justify the severe penalty of striking out the statement of facts. And especially so, as the statute referred to is a new law and has not heretofore been construed by any of the appellate courts. However, it is deemed proper to admonish those charged with compliance with its terms to exercise care and not rely upon the indulgence of this court. In the future this court will expect substantial compliance with the statute. As a matter of fact, the statute may be violated though the evidence be stated in narrative form. Such violation may consist in writing out in full a witness' testimony when the fact to which the testimony relates is so clearly established that the statement of facts should merely contain the statement that that fact was proved, and not set out the evidence by which the proof was made. Also, in many instances, a witness on the stand repeats his testimony upon a given point; and, as a general rule, such repetition should not be incorporated in the statement of facts in narrative form or otherwise.

Before closing this opinion it is deemed proper to direct attention to one other matter. Under the present law the clerk is not permitted to copy the statement of facts in the transcript, and the original statement of facts is required to be filed in the Court of Civil Appeals. If it was supposed by the Legislature that the change referred to would facilitate the work of the appellate courts, that supposition was erroneous. On the contrary, unless more care be taken in the preparation of statements of facts, that change will tend to retard instead of promote the dispatch of business by such courts. In this court, in more than one instance, we have been confronted by original statements of facts not prepared in conformity with District Court Rule 90, and containing various lead pencil additions and interlineations in the almost undecipherable handwriting of some of the distinguished attorneys who practice in this court. Just what power this court may have to correct evils of that kind we have not yet undertaken to determine; but if that evil continues, we shall attempt to find a remedy, and those interested in such matters are admonished to govern themselves accordingly.

Motion overruled.

### OPINION ON MERITS.

RICE, ASSOCIATE JUSTICE.—This suit was brought by Mrs. M. F. Mitchell, as feme sole, in the form of trespass to try title against the Gulf, Colorado & Santa Fe Railway Company for the recovery of 78/100 of an acre of land out of the Himmer survey, adjoining the city of San Angelo.

The appellee filed a plea of not guilty, and set up the statute of limitation of five and ten years, and also vouched in its warrantors, Pulliam and Johnson, praying that if judgment should be had

against it, that then it, in turn, should recover over against them for said land upon their warranty.

There was a trial before the court without a jury, who rendered judgment for appellee, and plaintiff has appealed.

The evidence proved and tended to show that the former husband of plaintiff, Bent Mitchel, bought two small parcels of land in 1888, out of said survey, from Jonathan Miles, who was the common source of title, the first tract containing about two acres, and the other less than one acre, being the tract in controversy herein; that he obtained a deed for the first tract, but that no deed was ever executed to him for the latter tract, but that immediately after his purchase of the former tract he built a house thereon, and some five months thereafter he enclosed the latter tract, as well as the former, by a common fence, and used it in connection with his home for growing vegetables thereon and for other purposes, and that his wife, from whom he afterwards separated and was divorced, continued to use the entire property as her homestead until 1907, when the appellee brought condemnation proceedings for the tract first purchased, as well as an adjoining tract out of the same survey, which appellant had theretofore inherited from her deceased son Clarence, and that after said condemnation proceedings were concluded, she conveyed the first tract, as well as the tract so inherited from her son, to the said railroad company, but did not convey the tract in controversy; and soon after the execution of said deed she withdrew her fence from around said two tracts so conveyed, and enclosed the strip in controversy, which she claims as her own, both by virtue of said alleged parol sale to her former husband, as well as by the ten years statute of limitation, and from which she was ejected by appellee.

The appellee, however, contended that said small strip, the tract in controversy, is a part of a 100 acre tract out of the same survey, which it purchased from Pulliam and Johnson, who by mesne conveyances, claimed title thereto through Jonathan Miles, the common source. It was shown that appellee had paper title to said 100 acres, and that the field notes thereof embraced the land in controversy.

During the progress of the trial appellee, over plaintiff's objection, offered in evidence a lease from Burroughs, attorney in fact for Stoddard, to plaintiff for said one hundred acres, for the purpose of disproving plaintiff's claim of adverse possession under her plea of ten years limitation, said Stoddard being a vendor of said Pulliam and Johnson. Plaintiff then offered to show by her own testimony the purpose for which she signed said lease; that it was not intended by her to lease any of the land in controversy, or any land within her enclosure, but only that outside of her premises, to which the defendant objected, which objection was sustained by the court and plaintiff excepted, and if allowed, would have testified that she did not understand at the time she executed said lease that it included any part of the land in controversy, or any land within her enclosure; that the larger tract which she intended to lease and thought she was leasing, lay just outside of her premises and entirely surrounding them; that she had no intention of leasing any land within her enclosure, but only such land as she had no right to use, and it was not explained to her

that the land included in the field notes she was leasing would include any land within her premises, or she would not have signed the same; that she did not understand that the field notes included her homestead and the land in controversy, and did not intend thereby to admit title in (any one else to) the land within her premises.

While it was perfectly competent to introduce the lease for the purpose indicated, yet plaintiff was clearly entitled to show how she came to sign it, and to give her explanation thereof, as she proffered to do, and we think she was not debarred from so doing on the ground that parol evidence can not be offered for the purpose of contradicting or varying the terms of a written instrument, because we understand the rule to be in accordance with plaintiff's contention that parol evidence is always admissible to explain documents introduced as admissions of a party, when such documents do not vest, pass or extinguish any right in litigation, but are used merely as evidence of the fact and not as evidence of a contract or right. See Pierce v. Johnson, 50 S. W., 610; Anderson v. Walker, 49 S. W., 937-47; Duncan v. Matney, 29 Mo., 368, 77 Am. Dec., 575 (Mo.); Am. & Eng. Ency. Law, vol. 21, p. 1087 (b).

In treating of this matter in vol. 21, Am. & Eng. Ency. Law, supra, it is said: "The rule (meaning the one in question) does not apply to papers which are merely introduced collaterally and used for evidentiary purposes as admissions of a party; for a paper which does not by contract, operation of law or otherwise vest or pass or extinguish any right in litigation, but is used merely as evidence of a fact, and not as evidence of a contract or right, is susceptible of explanation by evidence of extrinsic facts and circumstances."

In Duncan v. Matney, supra, it is also said: "That the court erred in rejecting as evidence the advertisement of the sale. If it be said that it was inadmissible because it contradicted the defendant's deed, it may be answered that although a deed can not be contradicted when used as evidence of the agreement and understanding of the parties to it, yet this deed was offered in evidence by the plaintiff merely as an admission of the defendant, and the rule is that when an instrument, of whatever solemnity it may be, is offered merely as an admission made by the party executing it, it is always competent to him to explain it, and to show that he was under a mistake in making it, or to prove any other circumstances which will do away with the effect of the admission."

Nor do we think that it was necessary, as appellee contends, to plead fraud, accident or mistake, by which she was led to execute the lease from Stoddard before being allowed to explain it under the rule above announced, because the same was not a paper under which either party claimed any right, but was only introduced as an admission tending to negative plaintiff's adverse holding under the statute of limitation. We therefore sustain the second and third assignments, complaining of the action of the court in refusing to admit this evidence.

The remaining assignments relate to the facts, and question the correctness of the conclusions of the court drawn therefrom; and, while we agree with the correctness of appellant's contention that one

who buys land by verbal sale, paying the purchase price, entering into possession and occupying the same, acquires title thereto (Garner v. Stubblefield, 5 Texas, 552; Dugan v. Colville, 8 Texas, 126; Harold v. Sumner, 78 Texas, 581) still, as the case seems not to have been fully developed upon this issue, and as there were facts tending to support the findings of the court, we deem it best not to express an opinion with reference to the probative force of this evidence; but, for the error heretofore indicated, the judgment of the court below is reversed and the cause remanded.

· *Reversed and remanded.*