DIXON et al. v. McNEESE et al.

(Court of Civil Appeals of Texas. San Antonio. Dec. 4, 1912. Rehearing Denied Jan. 8, 1913.)

1. FRAUDS, STATUTE OF (§ 129*)—ORAL CONTRACTS.

A parol sale of land will be upheld where the vendee is put in possession, and, relying on the sale, makes valuable improvements; such circumstances creating an equitable title which will be protected by courts of equity.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 287–292; Dec. Dig. § 129.*]

2. FRAUDS, STATUTE OF (§ 129*)—ORAL CONTRACTS.

Payment of the purchase price, unaccompanied by possession, will not support a parol sale of land.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 287–292; Dec. Dig. § 129.*]

3. JUDGMENT (§ 787*)—PROPERTY AFFECTED BY LIEN—PROPERTY PREVIOUSLY TRANSFERRED.

Where the purchaser of land under a parol contract had paid part of the purchase price, taken possession, and made permanent improvements prior to the recording of the abstract of a judgment against the vendor, his rights were superior to those of the judgment creditor under Rev. St. 1895, art. 3289, providing that, when a judgment is recorded and indexed, it operates as a lien on all the real estate of the judgment debtor in the county; the land not being the land of the judgment debtor when the abstract was recorded.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1361, 1363–1367; Dec. Dig. § 787.*]

4. JUDGMENT (§ 787*)—RECORD—CONSTRUCTIVE NOTICE.

The record of a judgment after a purchaser under a parol contract had taken possession and made improvements was not constructive notice to such purchaser, and hence he was justified in paying the balance of the purchase price to the vendor.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1361, 1363–1367; Dec. Dig. § 787.*]

Appeal from District Court, Hill County; C. M. Smithdeal, Judge.

Action by J. N. Dixon and others against Hugh McNeese and another. Judgment for defendants, and plaintiffs appeal. Affirmed.

Chas. L. Black, of Hillsboro, Geo. Q. McGown, and Gillespie & Altman, all of Ft. Worth, for appellants. Morrow & Morrow, of Hillsboro, for appellees.

FLY, C. J. This suit was instituted by J. H. Dixon, S. H. Holloway, and C. C. Johnston against Hugh McNeese and A. G. McNeese, in which it was alleged that on July 12, 1909, a judgment had been recovered against Hugh McNeese and others for $4,973.56, and against C. C. Johnston for one-half that amount; that Dixon was an intervener, who recovered against Hugh McNeese and others, as did Holloway and Johnston; that the judgment had not been paid and an abstract of the same had been recorded and indexed in Hill county at a time when Hugh McNeese was the legal and equitable holder and owner of a certain tract of land in said county; that by reason of the record and index of the judgment a lien had been obtained upon the land; that, after such record and indexing, Hugh McNeese had executed a deed purporting to convey the land to A. G. McNeese, who was in possession of the land. They prayed for a foreclosure of the judgment lien. Hugh McNeese disclaimed all right, title, and interest in the land, and A. G. McNeese filed an answer, claiming that Hugh McNeese had made a parol sale of the land to him prior to the record and index of the judgment,

the payment of $4,000 on the land and his possession of the same, and the making of permanent improvements thereon. He alleged that he had entered into possession of the land in June, 1909, and paid $4,000 on the land, and made his improvements prior to August 31, 1909, when the judgment was recorded and indexed, that the sale had been made to him in good faith, and that a deed was made to him in September, 1909, and the balance of the purchase money paid or secured. The cause was submitted to the jury on special issues, and upon the answers thereto the judgment was rendered in favor of A. G. McNeese. We find that the answers to the special issues were fully sustained by the evidence. The conclusions of this court as to the facts are more fully set out in the opinion herein.

[1, 2] It is well settled in Texas that a parol sale of land will be upheld where the vendee has been put in possession of the land, and, relying on the parol sale, has made valuable improvements thereon. Such circumstances create an equitable title in the vendee, and courts of equity will enforce his rights. To constitute a valuable consideration, it is not necessary that the purchase money should have been paid, but, if money has been expended in improvements on the property on the faith of the verbal contract, it constitutes a valuable consideration. Hendricks v. Snediker, 30 Tex. 296; Robinson v. Davenport, 40 Tex. 341; Anna Berta Lodge v. Leverton, 42 Tex. 31; Willis v. Matthews, 46 Tex. 483; Ponce v. McWhorter, 50 Tex. 562; Wooldridge v. Hancock, 70 Tex. 18, 6 S. W. 818. Possession, together with the making of permanent improvements, is the basis of a parol sale of land. Payment of the purchase money will not suffice, unless accompanied by possession. Ward v. Stuart, 62 Tex. 333; Sullivan v. O'Neal, 66 Tex. 433, 1 S. W. 185; McCarty v. May, 74 S. W. 804.

[3] Under the facts of this case, A. G. McNeese bought the land in controversy from Hugh McNeese; the sale being one in parol. He immediately went into possession of the land, and made permanent improvements thereon. At the time of the parol sale A. G. McNeese paid Hugh McNeese $4,000, and agreed to pay him $4,000 more at the time a deed was executed. He entered into possession, and made the improvements before the abstract of judgment was recorded on August 31, 1909. Afterwards, on September 6, 1909, A. G. McNeese paid the balance of the purchase money by promissory note to Hugh McNeese, and received a warranty deed to the land. At no time before the remaining purchase money was paid and the deed executed did he have actual notice of the registering of the abstract of judgment against Hugh McNeese.

It is provided in article 3289, Rev. Stats. of 1895, that, when any judgment has been recorded and indexed as required in preceding articles, it shall from date of such record and index operate as a lien on all the real estate of the defendant in the county of the record and index. It follows that if the judgment was properly recorded and indexed in Hill county, and the land in question was the property of Hugh McNeese at the time of such record and indexing, it operated as a lien on the property in controversy. The question to be decided then is: Did the property on August 31, 1909, belong to Hugh McNeese, or was it the property of A. G. McNeese? The uncontroverted testimony showed that at the time the judgment was recorded and indexed A. G. McNeese had made a parol purchase of it, had placed valuable improvements on it, had paid half the purchase money, and was in possession of the land. As between him and Hugh McNeese, he was the equitable owner of the land, as much so as though he had obtained a deed at the time of the sale to him, and, if the sale was valid as between them, it must have been valid as to every one. His possession of the land put every one upon notice of his rights in the land as fully as though he had obtained a deed and placed it on record. Wells v. Davis, 77 Tex. 638, 14 S. W. 237; Harold v. Sumner, 78 Tex. 581, 14 S. W. 995; Milmo Bank v. Convery, 49 S. W. 926. In a case in which the facts were similar to some extent to the one under consideration, this court, through Justice Neill, made the following ruling: "Assuming that the allegations in his petition are true, the appellant was the equitable owner of the land when the abstract of the judgment was recorded; for Severio H. Pena had sold it to him. And he had paid over half the purchase money, had executed his note for the balance, was in possession of, and had made permanent and valuable improvements upon the premises. His possession was notice to Rafael Arredondo and all others of his title. As Pena did not own the property when the abstract was recorded, it did not operate as a lien upon it. Nor would a purchaser at execution sale under the judgment acquire any title." Rodriguez v. Buckley, 30 S. W. 1123. That was said in a case where the party in possession was relying on a parol sale and the making of valuable improvements. We believe what was said in that case is the law of this case. The land at the time that the abstract of judgment was filed was not the property of Hugh McNeese, and its record and the judgment lien could not affect the property of A. G. McNeese.

[4] The question of notice of the record of the judgment could have no bearing on this case except in so far as it might affect the unpaid purchase money, and it has been uniformly held that the record of the judgment would in no manner affect the purchaser in possession, unless he had actual notice of the record, and then only in case he owed a balance on the purchase money. The record

of the judgment would not affect the title to the land because that is in the vendee, but it might affect the unpaid balances that may have remained on the purchase money, provided actual notice of the judgment lien was brought home to the vendee. In Black on Judgments, § 438, this subject is fully discussed, and in conclusion it is said: "At any rate, it appears to be well settled that the docketing of the judgment is not notice of the lien to the purchaser in possession, since, after he has taken his contract for the purchase, he is not bound to keep the run of the dockets; and payments subsequently made by him to the judgment debtor, pursuant to the contract, without actual notice of the judgment, are valid as against its lien upon the land." The text is supported by several decisions and other text-writers. Moyer v. Hinman, 13 N. Y. 180; Brown v. Volkening, 64 N. Y. 76; Wehn v. Fall, 55 Neb. 547, 76 N. W. 13, 70 Am. St. Rep. 397; Freeman on Judgments, § 364. The record of the judgment did not affect A. G. McNeese with constructive notice of the lien, and, having no actual notice of the judgment, he was fully justified in paying the balance of the purchase money to his vendor. By that payment he lifted every incumbrance from the land and was entitled to the warranty deed he received from Hugh McNeese.

The authorities presented by appellant are not antagonistic to the views herein expressed, and, on the other hand, some of them sustain and uphold them.

The judgment is affirmed.