**BYERS et al. v. PARKER.**   (No. 3209.)

Court of Civil Appeals of Texas. Amarillo. March 6, 1929.

Rehearing Denied May 15, 1929.

Bullington, Boone, Humphrey & King and John Q. Humphrey, all of Wichita Falls, for appellants.

Taylor, Muse & Taylor, of Wichita Falls, for appellee.

HALL, C. J. The appellee Parker filed this suit against the executors and heirs of George W. Byers, deceased, in trespass to try title to recover a tract of land situated near the village of Byers, in Clay county. The land described in the petition comprises about 1½ acres, triangular in shape, and is bounded on the south by the Byers-Charlie highway, on

the east by the Byers-Waurika highway, and on the north and west by a bayou of the Big Wichita river, which is called Byers Lake in the record. In addition to a formal action in trespass to try title, plaintiff pleaded the statute of limitation of ten years.

The defendants answered in the form of trespass to try title.

The case was tried to the court without a jury and resulted in a judgment in favor of appellee, Parker. The material findings of fact briefly stated are as follows: In 1914 Parker purchased the land from Byers Bros., who then owned it, that the sale was by parol, and that plaintiff paid George Byers $20 in cash in full for the land at the time of the sale. That within a few months afterwards, Parker erected a fence on the land on the east and south sides, but erected no fence on the northwest side of the tract, which was bounded by the old bed of the river or bayou. That said bayou was a natural boundary, but occasionally during droughts it would become dry and live stock would pass over it to land lying north of the tract in controversy and owned by plaintiff. That the fence erected by Parker in 1914 was built with three barbed wires, nailed to bois d'arc posts set about 16 feet apart. That soon after building the fence plaintiff turned his stock on the land in controversy, but that the fence was torn down by trespassers within a year or two. More than ten years prior to the filing of this suit, plaintiff leased the land to a tenant, who erected a small house thereon, in which he sold cold drinks, candy, etc. That the tenant paid for the house and in addition thereto paid ground rent for several years, when he sold the house to plaintiff for the sum of $120. That the house was vacant for several months, at the expiration of which time plaintiff secured another tenant to whom he sold the house as personalty for $160. That said tenant paid monthly rent for the use of the land thereafter until during the year 1919 he made an addition to the house and continued to use the premises as a cold drink and candy stand and also sold gasoline and oil. That a few years later, the tenant sold the two houses to plaintiff for about $150. That since the purchase of said house from the last tenant, plaintiff had leased the premises to other tenants, who paid him rent. That the fence was partially reconstructed by some of the subsequent tenants for the purpose of keeping undesirable tourists from camping on the premises. That such tourists as purchased oil, gas, and other goods from the tenants, were permitted to camp on the premises for the night. That plaintiff and his tenants, during the fall of the year, would gather pecans grown on the land.

The Court finds that each of the tenants occupying the premises since plaintiff acquired it had paid him rent and occupied the houses upon the premises in recognition of plaintiff's ownership. That the land was never suitable for farming and that plaintiff had openly claimed the land as his ever since he acquired it by parol sale in 1914. The court concludes as a matter of law that the parol sale to plaintiff, accompanied by payment of the purchase price in full, possession, and improvements, were sufficient to vest plaintiff with title. The court further found that independent of the parol sale, plaintiff had title under the statute of ten years' limitation.

It is contended in the first three propositions that the court erred in holding that there was a valid verbal sale of the land, because the evidence fails to show that possession was delivered or substantial and valuable improvements made, and that the improvements placed thereon did not exceed $150, while the rents and revenues derived therefrom were approximately $650.

The witness George Poplin testified that he was on the land with Parker in 1914 or 1915, and "heard a conversation and witnessed a transaction at that time between Mr. George Byers and Mr. Parker, the plaintiff herein. They were discussing this small tract of land and the fact that it was cut off from Mr. Byers' other land by the public road. Mr. Parker bought this tract of land at that time from Mr. Byers and gave him $20.00 in cash for it. I witnessed the transaction. There was no writing of any kind that I saw. Mr. Parker just handed Mr. Byers $20.00, and Mr. Byers took it."

■■ This testimony is sufficient to sustain the court's finding that there was a parol sale of the land in 1914 and that the consideration therefor was fully paid in cash. Aside from the testimony of this witness who says that plaintiff paid Byers $20 for the tract of land in question, no evidence was introduced to show the market value of the land at that time. The only evidence upon the issue of market value is that of one of the executors who testified that the tract was now worth $650, including the improvements. Since it appears from the record that Parker put a substantial fence on two sides of the triangular tract and that a tenant built a small storehouse on it, which Parker afterwards purchased for $120, we think the court correctly decided the issue of valuable improvements in appellee's favor. Improvements may be sufficient to take a parol sale or parol gift of land out of the statute of frauds (Rev. St. 1925, art. 3995), though their value does not exceed the value of the use and occupation. In the case of La Master et al. v. Dickson, 17 Tex. Civ. App. 473, 43 S. W. 911, a parol gift was sustained where the cost of the improvements was approximately 10 per cent. of the value of the land included in the gift. In the case of Wells v. Davis, 77 Tex. 636, 14 S. W. 237, improvements costing $187, upon land shown to be worth $400, were held to be sufficient, though the value of the use and occupation had exceeded the cost of the improvements. We cannot presume that Byers sold the land for less than its

value, and this is shown by the testimony of the disinterested witness to have been $20. Since the improvements exceeded many times the price paid for the land, we think they are sufficient in value to sustain the sale. Appellant does not question the fact that appellee has been in possession and that such possession is referable to the contract of sale. The evidence showing a sale for a cash consideration paid, immediate and continued possession by the purchaser, with valuable improvements thereon, we sustain the court's conclusion of law that the sale was valid. Harold v. Sumner, 78 Tex. 581, 14 S. W. 995; Cauble v. Worsham, 96 Tex. 86, 70 S. W. 737, 97 Am. St. Rep. 871; Kuteman v. Carroll (Tex. Civ. App.) 80 S. W. 842; Mitchell v. G., C. & S. F. Ry. Co., 61 Tex. Civ. App. 401, 127 S. W. 266, 130 S. W. 735; Dixon v. McNeese (Tex. Civ. App.) 152 S. W. 675; Ward v. Etier, 113 Tex. 83, 251 S. W. 1028; Rosek v. Kotzur (Tex. Civ. App.) 267 S. W. 759; Hauser v. Zook (Tex. Civ. App.) 278 S. W. 518; Hofheinz v. Wilson (Tex. Civ. App.) 286 S. W. 958.

We think the judgment should be affirmed upon this branch of the case.

Under the next three propositions, it is insisted that the court erred in finding and concluding that Parker was entitled to recover under his plea of ten years' limitation. It is not necessary to go into the details and discuss the evidence bearing upon this issue. Suffice it to say that we think it is sufficient to sustain the court's finding.

The court did not err in refusing to permit Sam Householder, joint executor of the will, to testify concerning a conversation which he claims to have overheard between the plaintiff and George W. Byers in the fall of 1926. R. S. art. 3716, provides that in actions by or against executors, administrators, or guardians in which judgment may be rendered for or against them as such, neither party shall be allowed to testify against the other as to any transaction with or statement by the testator, intestate, or ward unless called to testify thereto by the opposite party, and these provisions are extended to include actions by or against heirs or legal representatives.

For the reasons stated, the judgment is affirmed.