## HOFHEINZ v. WILSON et al.    (No. 7012.)*

(Court of Civil Appeals of Texas. Austin. June 30, 1926. Rehearing Denied Oct. 6, 1926.)

**1. Trespass to try title ⬥33—Defendants' cross-action to suit in trespass to try title, pleading possession, making of improvements, and demand for deed, held to contain sufficient prayer for title and specific performance.**

Cross-action, alleging that defendants were in possession of land claimed by plaintiffs in suit of trespass to try title, made valuable improvements thereon, and demanded a deed, *held* sufficient prayer for title to property and for specific performance of verbal agreement to convey land.

**2. Frauds, statute of ⬥129(11)—Verbal sale of realty, taken possession of by vendee, improving same, and paying purchase price, is not within statute.**

Verbal sale of realty, where vendee takes possession and makes improvements in good faith and pays agreed purchase price, is not within statute of frauds, and judgment awarding land to vendee *held* proper.

**3. Appeal and error ⬥1062(1).**

Error in submitting special issue whether plaintiff agreed to deed property on payment of one-third of price *held* harmless, where de-

fendant pleaded that he was entitled to land on payment of entire purchase price, which proof showed had been paid.

**4. Trial ⬅=350(3)—Pleading and proof held to authorize submission of special issue whether plaintiffs orally agreed to deliver deed on payment of one-third of purchase price.**

Pleading, in cross-action to suit in trespass to try title, that plaintiff agreed to deed property to defendants on payment of part of purchase price, and proof that entire purchase price had been paid, *held* to authorize submission of special issue as to whether plaintiff orally agreed to deliver deed on payment of one-third of purchase price.

**5. Evidence ⬅=591—Receipt of earnest money held not to prevent defendants introducing it from showing true contract for conveyance of property.**

In trespass to try title, receipt of earnest money by plaintiff, orally agreeing to convey land to defendants, introduced by defendants only to show receipt of money, *held* not to prevent defendants from claiming that contract was oral and not written.

**6. Vendor and purchaser ⬅=83.**

Receipt of earnest money paid plaintiff under oral contract to convey land is merged into later contract, to which it refers, and can have no greater force.

Error from District Court, Travis County; Geo. Calhoun, Judge.

Suit by E. J. Hofheinz against John Wilson and others, in which defendants filed a cross-action. Judgment for defendants, and plaintiff brings error. Affirmed.

See, also, 278 S. W. 224; 281 S. W. 273.

Henry Faulk and Hart, Patterson & Hart, all of Austin, for plaintiff in error.

Dickens & Dickens and Harris & Harris, all of Austin, for defendants in error.

BLAIR, J. Plaintiff in error will be referred to as appellant and defendants in error as appellees. Appellant filed suit in trespass to try title against appellees to recover lot No. 3, in block No. 4, of outlot No. 6, in division B of the city of Austin. Appellees answered by formal answer a plea of not guilty, and by cross-action claimed that they had purchased the lot from appellant by verbal contract; that they went into possession and made valuable improvements in good faith, and continued thereafter to use the premises as a home; that they paid appellant more than the agreed purchase price, and had demanded of him from time to time a deed to the lot, and, among other things, prayed that they have judgment for the land; that appellant be required to execute them a deed to the property; and that in the alternative they have judgment for the amount they had paid on the lot and for the value of the improvements, with interest.

They also pleaded that the written contract under which appellant claimed to convey them the lot was not their contract; that appellee John Wilson could neither read nor write, and did not sign nor authorize any one to sign the contract for him; that the signature of his wife, appellee Minnie Wilson, thereto, was obtained through fraud of appellant; that appellees were uneducated, ignorant, colored people; that appellant was a shrewd business man, and defrauded and overreached them in all the dealings, accountings, and transactions with reference to the lot; that he still demanded payments when they had more than paid the purchase agreed upon; and that they did not discover the appellant's fraud until he filed this suit.

Special issue No. 1, submitted by the court to the jury, states, in substance, the alleged verbal contract of purchase, and reads:

"Did the plaintiff E. J. Hofheinz, verbally represent to the defendants John Wilson and Minnie Wilson, on or about the 10th day of July, 1911, that he would sell them the property in controversy for $890, and that said property cost him $600, and that the $290 would be his profit, and that he would include the interest in the said $290, and that after they had paid him one-third of the said $890 he would execute and deliver them a deed to the lot described in plaintiff's petition? Answer 'yes' or 'no.'"

The jury answered the question, "Yes." They also found that John Wilson did not sign the written contract of sale relied upon by appellant; that he did not authorize any one to sign it for him; that the signature of Minnie Wilson thereto was obtained through fraud of appellant; and that appellees had paid the sum of $1,295 on the lot. The verbal contract only required them to pay $890 for it. Upon these answers the trial court rendered judgment vesting title in appellees to the lot, and the appeal is from that judgment.

The principal question on the appeal is whether appellees were entitled to judgment vesting title in them under the pleadings, evidence, and verdict of the jury. We find that the jury's verdict is supported by the appellees' evidence, which proved the substance of the allegations of their cross-action, and that the judgment based thereon is authorized by the pleadings.

The substance of the first three propositions is: (1) That the judgment awarding the land to appellees is not supported or authorized by the pleadings, in that they denied the written contract of sale relied upon by appellant, and claimed under a verbal contract of purchase, and did not ask for specific performance of the oral contract; (2) that a judgment not based upon pleadings is fundamentally wrong; (3) that the judgment is fundamentally wrong, in that the effect of awarding appellees' title to the lot was to

---

enforce specific performance of a verbal contract within the statute of frauds.

[1] The substance of the verbal contract pleaded is set out in special issue No. 1, above quoted. Appellees pleaded it, and that they were in possession under it and made valuable improvements and remained in possession; and that they paid more than the contract purchase price, and demanded a deed. They substantiated these allegations by proof. They prayed, among other things:

"Wherefore these defendants pray that plaintiff take nothing against them in his suit and that they have judgment for the property described by plaintiff in his petition. They pray that plaintiff be ordered to make and give them a deed to said property, or in the alternative, if plaintiff does not make and deliver a deed to these defendants to said property, then they have judgment for the said $1,315 that the plaintiff had collected and received from these defendants."

We submit that the language of the prayer is not only for title to the property, but is also for specific performance of the verbal contract pleaded, since it prays that appellant be required to execute his deed in accordance with the verbal contract pleaded, and therefore the first two propositions are without merit.

[2] The third proposition with reference to the verbal contract pleaded, being within the statute of frauds, is also without merit. A verbal sale of real estate, where vendee takes possession and makes improvements in good faith and pays the agreed purchase price, is not within the statute of frauds. A judgment is not fundamentally wrong as violative of the statute of frauds which awards land to a pleader, based upon his pleadings and evidence that he purchased the land awarded under verbal contract; that he went into possession, improved the property in good faith, and paid the agreed purchase price. Aiken v. Hale, 1 Posey, Unrep. Cas. p. 324; Polk v. Kyser, 21 Tex. Civ. App. 680, 53 S. W. 90; Ponce v. McWhorter, 50 Tex. 571; Jones v. Carver, 59 Tex. 296; Douglas v. Baker, 79 Tex. 506, 15 S. W. 801; Robinson v. Davenport, 40 Tex. 341; Neatherly v. Ripley, 21 Tex. 434.

[3] The fourth proposition is that the court erred in submitting special issue No. 1 above quoted, as not being supported by either pleadings or evidence. The principal contention is that the pleadings do not allege that appellees were entitled to a deed when they had paid one-third of the purchase price, but allege they were entitled to the deed when they had paid all the purchase price. The question is wholly without merit, since the proof showed that not only one-third of the contract price had been paid, but that all of it had been paid; and the error, if any, was harmless. But if the question whether the deed was to be delivered when one-third of the contract price was paid, or when it was all paid, is material, then the pleadings are sufficient in either case to meet the proof, for in paragraph 2 of the petition it is alleged:

"Plaintiff agreed with the defendants that, if they paid him a part of said $890, he would make them a deed to said property, and they, the defendants, have asked plaintiff many times to make and give them a deed for said property, which he has failed and refused to do."

[4] Appellees testified that they were to have the deed when they had paid one-third of the contract price. In numerous other paragraphs it was alleged, over and over, that appellees were entitled to the deed when they had paid the agreed purchase price of $890. The proof is undisputed that they had paid $1,295 on the contract. The jury found that it was paid on the oral contract, and that the written contract was never operative between the parties. So the pleadings authorize the submission of the issue as drawn.

[5] The fifth proposition is that appellees are not entitled to claim the unreasonable verbal contract found by the jury to be the true contract between the parties, because they introduced in evidence the following receipt:

"$100.00                     7/10/11.

"Received from Minnie Wilson one hundred dollars earnest money on house & lot 1704 E. 8th St. total consideration to be $890.00—$6.00 payable each month and $25.00 each Dec. 1st 10% interest, I to furnish D. B. Gracy's written opinion as to title and give contract of sale.                     E. J. Hofheinz."

[6] The rule of law sought to be invoked is that, where a defendant makes his adversary's statements his evidence, he is concluded by them; that is, when the rule is applied to the receipt introduced by appellees, it conclusively shows that the verbal contract was not made, but that the written contract was made. The rule has no application here. The receipt was merged into the later contract, to which it refers, and which is relied upon by appellant. It cannot have greater force than the contract. The contract was found to have been induced by fraud. It was also alleged that all accountings and transactions with reference to the written contract were tainted with fraud and overreaching. The purpose for which it was introduced was not limited, but the record clearly shows that the sole purpose was to show appellant received that amount of money. So we conclude that the receipt did not show conclusively the true contract between the parties, but that the jury's verdict is supported by sufficient evidence that the oral contract was made.

The trial court's judgment will be affirmed. Affirmed.