**HICKMAN et ux. v. TALLEY et al.**
**(No. 3028.)**

Court of Civil Appeals of Texas. Amarillo.
May 16, 1928.

Rehearing Denied June 20, 1928.

1. Appeal and error ⟾655(1)—Transcript not showing proceedings in order of occurrence, not containing marginal name of proceeding and date, and with pages not numbered in accordance with rules, may be stricken (District and County Court Rules Nos. 85, 88, 89).

Transcript which shows proceedings, but not in order of time in which they occurred, and which omits marginal entries showing name of proceedings and dates, and pages of which are in part numbered at top, instead of bottom, with some numbers missing, is violative of District and County Court Rules Nos. 85, 88, 89, and not entitled to consideration, but may be stricken.

2. Trial ⟾312(3)—Submission of additional issues on court's own motion after jury's retirement and counsel's departure held error (Rev. St. 1925, arts. 2187, 2197, 2198).

Where, after jury retired, counsel left town and told judge to do what he thought was right in their absence if anything came up with jury, conduct of trial court in submitting additional issues on its own motion and in absence of counsel, merely on jurors' statement that they could not agree on their answers to the issues submitted, held erroneous, requiring reversal, under Rev. St. 1925, art. 2187 as depriving coun-

sel of right to file objections, or ask additional charges, or make further argument, though jury is permitted to communicate with court and seek further instructions, under articles 2197 and 2198.

**3. Stipulations ⚖═▷14(11)—Stipulation of counsel leaving town that they would risk jury with judge and judge could do what he thought was right held not to authorize submission of new and different issues (Rev. St. 1925, art. 2187).**

Stipulation by counsel in open court, on taking departure from town, "that they would risk the jury with the judge and he could do what he thought was right in their absence," did not authorize judge to submit altogether new and different issues in absence of counsel, under Rev. St. 1925, art. 2187, requiring judge to read charge before argument is begun.

**4. Judgment ⚖═▷589(1)—Judgment in forcible entry and detainer suit held not res judicata in subsequent action to try title and for damages for failure to remove building.**

Judgment of county court in forcible entry and detainer suit *held* not res judicata of any issue in subsequent action in trespass to try title and for damages for failure to remove building erected on lot.

**5. Frauds, statute of ⚖═▷129(11)—Parol sale of real estate is within statute, unless vendee pays consideration and makes valuable and permanent improvements.**

In order to take parol sale of real estate out of statute of frauds, it must be alleged and shown that the vendee took possession of the property under the contract and made valuable and permanent improvements thereon relying on the contract, and payment of the consideration must be alleged and proved.

**6. Trespass to try title ⚖═▷58—Owners of lot suing owners of building erected thereon were entitled to have rental value of land offset against improvements.**

In action in trespass to try title to land on which building was erected under agreement that it might be removable as personal property, owners of land were entitled, as against owners of building, to have rental value of the land offset against the value of any improvements to which defendants might be entitled.

Appeal from District Court, Carson County; Newton P. Willis, Judge.

Suit by H. A. Talley and C. L. Thomas, executors of the will of J. W. Talley, deceased, against W. E. Hickman and wife. Judgment for plaintiffs, and defendants appeal. Reversed and remanded.

W. F. Nix, of Amarillo, for appellants.
Cook, Smith & McLynn, of Pampa, for appellees.

HALL, C. J. H. A. Talley and C. L. Thomas, executors of the last will and testament of J. W. Talley, deceased, filed this suit against the appellants to recover a certain lot in the town of White Deer.

The first count is a formal action in trespass to try title. The plaintiffs further allege that prior to the 19th day of November, 1921, J. W. Talley was the owner of and in possession of said lot; that he died on said last named date, leaving a will in which plaintiffs were named as executors; that said will has been duly probated and that plaintiffs are entitled to the possession of said lot and authorized to bring this action; that, during the lifetime of the said J. W. Talley, one N. E. Raymond erected a frame building on said lot by and with the consent of the said Talley, with the understanding, however, that the said Raymond could remove said building at will; and that it would in no wise become a fixture or a part of the realty, but should remain personal, movable property of the said Raymond, or his assigns.

It was also further agreed that the said Talley should have the right to the possession of said lot any time he might elect, and that, upon notice from him, the said Raymond, or his assigns, would remove said building from the lot; that, after the death of the said Talley, Raymond sold the building and that his vendees in turn transferred the same, each transfer being with the understanding that said building would be removed upon request of the plaintiffs; that during the year 1926, and prior to the 18th day of October in said year, the defendants purchased said building with full knowledge of the fact that plaintiffs were the owners in fee simple of the lot and had a right to the possession thereof, and with full knowledge of the understanding that said building would be removed upon request of plaintiffs; that on said 18th day of October, 1926, plaintiffs entered into a contract with one J. W. Lewis to convey him the lot in question, agreeing that they would at once have defendants remove the building from the lot; that they immediately notified defendants of such sale and informed them that plaintiffs desired possession of the lot at once and requested that defendants remove the building; that defendants agreed to move the building and deliver possession of the lot, but afterwards, for reasons unknown to plaintiffs, they failed and refused to do so, even though they had been notified verbally and in writing to that effect. It is alleged that the rental value of the lot, without the building, is $50 per month, and plaintiffs sue for said sum, aggregating $400. The prayer is for that amount of damages and for title and possession of the lot. Thereafter plaintiffs filed an amended petition in which they claimed that the amount of rent due them upon said lot was $500.

The defendants answered by general demurrer and numerous special exceptions, general denial, and plea of not guilty. They pleaded a judgment rendered in the county

court of Carson county on March 25, 1927, in a forcible entry and detainer suit, as res judicata. They allege that, under a verbal contract with Earl Talley, one of the heirs of J. W. Talley, who was acting for and on behalf of the plaintiffs, they had purchased the lot in question, and, relying upon said contract, went into possession and made valuable improvements upon said lot to the extent of $1,200; that they had agreed to pay for said property the sum of $1,500, as follows: Certain bank stock owned by defendants at an agreed price of $500 and the further sum of $250 in cash, the remainder of said $1,500 consideration to be paid $425 in the fall of 1926 and $325 in the fall of 1927; that they had tendered performance several times, which had been refused by plaintiffs. It is further alleged that the improvements made by them were of a lasting and permanent character and would not have been made if plaintiffs had not agreed to convey said lot to them.

A trial to a jury resulted in a judgment that plaintiffs, as the executors of J. W. Talley, deceased, recover from the defendants the title and possession of the premises, and that plaintiffs recover the further sum of $200 rental value for the use and occupation of the lot by the defendants, with interest at 6 per cent. The court further decreed that, if the parties elected to permit the buildings to remain upon the lot as belonging to plaintiffs, defendants should recover their value in the sum of $400, and that defendants recover nothing because of their valuable improvements made upon the buildings which they had acquired and owned.

[1] Neither party has favored us with a statement of the nature and result of this suit, such as is required by the rules for briefing. The transcript in this case is not entitled to consideration, because the rules governing the preparation of such records have been ignored in material respects. District and County Court Rule No. 85 requires that in making a transcript the proceedings shall be entered in the order of time in which they occur. This rule has been flagrantly violated. The transcript begins with the plaintiffs' original petition and is followed by the amended original petition, their first supplemental petition, and their first amended supplemental petition. These are followed in their order by the defendants' original answer, the amended original answer, and the first supplemental answer. .The orders sustaining the demurrers urged in these several pleadings are copied in the transcript on pages 70 and 71. The transcript contains 120 pages. District and County Court Rule No. 88 requires that, in the preparation of a transcript, the clerk shall note on the left-hand margin of the page of each proceeding the name of the proceeding and the date of its occurring or being filed. This has not been done. Rule 89 requires that the pages shall

be numbered at the bottom on the left-hand side of each page. We find that the pages here are numbered at the top up to and including page 60. Pages 61 to 65 have been omitted from the transcript, or else there is a mistake in numbering, for no such pages appear anywhere in the record. The careless manner in which the transcript has been prepared has hindered us in our consideration of the issues urged, and the fact that we have waived the failure to observe these material requirements is no precedent, and counsel are admonished that a repetition of such conditions will result in an order striking the transcript from the record.

[2] The first contention to be considered is that the court erred in submitting special issues to the jury after counsel for both sides had left the courtroom and the county seat. It appears from the record that the case was being tried by plaintiffs' attorney, who lived at Pampa, and by defendants' attorney, who lived at Amarillo, and that, after the charge of the court was given and the jury had retired to consider of their verdict, counsel for the respective parties, desiring to return to their homes, stated to the court that they wanted to leave the town of Panhandle, where the court was in session, and, as stated by the trial judge in his qualification to the bill of exception, he said to the attorneys that, if they were absent, he "could not practically wait for them to get back to the court from such distant points if anything came up, and that they would have to take their chances." As stated in the court's qualification, the attorneys then said "they would risk the jury with the judge and he could do what he thought was right in their absence." It appears further that counsel then left and did not return to the court until after the verdict had been received and filed and judgment duly entered thereon.

It further appears from the bill of exceptions that, after the jury had deliberated for several hours, they announced to the trial judge in open court that they were hopelessly hung and could not agree upon their answers to the special issues originally submitted to them; that the court then, without any notice to counsel for plaintiffs or defendants, and without any attempt to communicate with them or either of them, withdrew from the consideration of the jury the special issues originally submitted, and submitted what is called the following new issues:

"Having indicated to me that you cannot agree upon the questions already submitted, I give you the following additional instructions:

"Question No. VI: Do you find from the evidence, by a preponderance thereof, that the defendants Hickman and wife are the owners of the buildings in controversy and the improvements placed upon them?

"Question No. VII: If you have answered the preceding question 'Yes,' then answer the fol-

lowing question: What is the present value, in dollars and cents, of the buildings alone, as they now stand upon said lots, with the improvements that have been made upon them?

"Question No. VIII: What is the total amount, in dollars and cents, of the rental value of the lot in question during the time the defendants Hickman and wife have been in possession thereof, for the use of the lot alone, not taking into consideration the buildings being placed upon them?"

Soon after these issues were submitted, the jury returned into court, answering the question numbered VI in the affirmative; their answer to No. VII being, "$400," and to No. VIII, "$200." No attempt was made to answer the issues originally submitted, which were different from the issues quoted above.

This error of the court is presented here by a lengthy bill of exceptions, and was urged in the motion for a new trial. In our opinion, this contention must be sustained and requires a reversal of the judgment.

[3] The oral stipulation made by counsel in open court, to the effect that they would risk the jury with the judge and he could do what he thought was right in their absence, was made after the jury had been charged by the court and the issues had been argued to the jury, and does not, in our opinion, authorize the judge to withdraw the original charge and submit altogether new and different issues in the absence of counsel.

Revised Statutes, art. 2187, is:

"Before the argument is begun, the judge shall read to the jury, in the precise words in which they were written, his charge and all special charges which he may give."

It is held that this provision of the statute is mandatory and that a failure on the part of the court to comply with the statute is fundamental error. International & G. N. Ry. Co. v. Parke (Tex. Civ. App.) 169 S. W. 397; Needham v. Cooney (Tex. Civ. App.) 173 S. W. 979.

This action of the court, during the absence of counsel, deprived them of the right to file objections, if any they may have had to the charge, and to ask additional charges, and further deprived them of the valuable right to make further argument to the jury in the light of the new issues which the court had submitted.

Revised Statutes, art. 2197, provides that the jury may communicate with the court, either verbally or in writing, and article 2198 provides that, after the jury has retired, it may ask further instructions from the court touching any matter of law. It does not appear from the record that the jury asked any further instructions, but, having informed the court that they could not agree upon their answers to the special issues submitted, the court, upon his own motion, submitted the additional issues quoted above. This was error. Bailey v. Hartman (Tex. Civ. App.) 85 S. W. 829; Young v. Hahn (Tex. Civ. App.) 69 S. W. 203; Corpus Christi St. & I. Ry. Co. v. Kjellberg (Tex. Civ. App.) 185 S. W. 430.

On account of the imperfect and confusing condition of the transcript, it is difficult for us to understand exactly what exceptions were made by either party to the pleadings of the opposite party and the effect of the rulings of the court upon the numerous exceptions. We will, however, discuss in a general way the contentions urged, since the judgment must be reversed.

[4] The judgment of the county court in the forcible entry and detainer suit was not res judicata of any issue in this case. By its terms, the judgment excluded the issues being here litigated.

[5, 6] We gather from the ruling of the court upon the numerous exceptions that the court sustained an exception to the crossaction of the appellants, because they failed to allege that a consideration had been paid by defendants and held that without such fact a parol contract for the sale of land was within the statute of frauds and void. We understand that it is settled law in this state that, in order to take a parol sale of real estate out of the statute of fraud, it must be alleged and shown that the vendee took possession of the property under the contract and made valuable and permanent improvements thereon, relying on the contract, and must also allege and show the payment of a consideration. Ward v. Etier, 113 Tex. 83, 251 S. W. 1028; Hooks v. Bridgewater, 111 Tex. 122, 229 S. W. 1114, 15 A. L. R. 216; Mondragon v. Mondragon (Tex. Civ. App.) 239 S. W. 650. In view of another trial, it is proper for us to say that the plaintiffs were entitled to have the rental value of the land offset against the value of the improvements, provided defendants alleged and proved facts entitling them to recover for improvements.

There is considerable evidence in the record upon this issue, which, in view of another trial, it is not proper for us to discuss.

For the reasons above stated, the judgment is reversed, and the cause is remanded.