## WRIGHT et al. v. WRIGHT et ux.

### No. 3595.

Court of Civil Appeals of Texas. El Paso.

Jan. 6, 1938.

Rehearing Denied Jan. 27, 1938.

Bldg. Materials Co., Tex.Civ.App., 27 S.W. 2d 904; Page v. Vaughan, Tex.Civ.App., 173 S.W. 541; Hickman v. Talley, Tex.Civ. App., 8 S.W.2d 267.

Findings 3 and 5a are wholly immaterial. They in nowise validate the alleged parol sale to F. P. Wright; nor is there any question of estoppel whatever involved as appellants' second proposition asserts.

Certain propositions are founded upon the assumption that H. J. Wright's title depends upon a parol sale to him by F. P. Wright. That is not the situation, and the propositions mentioned are irrelevant. H. J. Wright is asserting an equitable title to the 100 acres based upon the parol trust above indicated. The rules of law in that connection are well settled and call for no discussion.

All of appellants' propositions have been fully considered. None show any reversible error.

Affirmed.

C. R. Newland and S. I. Cornett, both of Linden, for appellants.

Chauncey & Chauncey, of Wichita Falls, for appellees.

HIGGINS, Justice (after stating the case as above).

The evidence amply supports findings 1 and 2. These findings and other undisputed evidence in the case established that the plaintiff H. J. Wright acquired an equitable title to the 100-acre tract by virtue of a parol trust, which title was superior to the legal title vested in the defendant F. P. Wright. Citation of authority to such effect is unnecessary.

This being the case, the judgment in plaintiffs' favor is correct unless it be shown that H. J. Wright's equitable title passed to F. P. Wright. The contention of the latter in this connection is, that in 1924 H. J. Wright verbally agreed with F. P. Wright to sell or release the 100-acre tract to the latter, in consideration of $1,000, of which amount a $900 purchase-money note was given by F. P. Wright to H. J. Wright and $100 in cash. This $900 note has not been paid, and it was not shown that F. P. Wright had made valuable and permanent improvements upon the land. Therefore, the evidence was insufficient to remove the alleged parol sale to F. P. Wright from the operation of the statute of frauds. Title remained in H. J. Wright. Hooks v. Bridgewater, 111 Tex. 122, 229 S.W. 1114, 15 A.L.R. 216; Reeves v. San Antonio